UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ANDRE THORNTON,

               Plaintiff,

   -against-

THE CITY OF NEW YORK, RAYMOND
PHILLIPS, and JOHN DOE,

               Defendants.

------------------------------------X

SUMMONS ISSUED

CV-12-1775

ROSS, J.  **COMPLAINT**

AZRACK, M.J.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff, Andre Thornton, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.    At all times hereinafter mentioned, plaintiff Andre Thornton was an adult male resident of Queens County, within the State of New York.

       2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.    At all relevant times hereinafter mentioned, defendant Raymond Phillips (Tax 944895), was an adult male employed by the City of New York as a member of the NYPD. Phillips is sued herein in his official and individual capacities.

       4.    At all relevant times hereinafter mentioned, defendant John Doe, was an individual employed by the City of New York as a member of the NYPD whose identity

is unknown. The Doe defendant is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

### RELEVANT FACTS

10. On June 15, 2011, just before midnight, plaintiff was present inside of St. Albans Park, Queens, New York.

11. At or about that time, the defendants arrived in an unmarked police vehicle, exited the vehicle, and approached plaintiff.

12. Plaintiff was not engaged in any unlawful or suspicious activity, and complied with defendants' requests by producing his identification.

13. Despite the absence of any evidence of illegal conduct on the part of

plaintiff, and without explanation, the defendants forcibly grabbed plaintiff by his belt and searched his pockets, informing him, in sum and substance, that they "can do whatever they want" and instructing him to "shut up." The search yielded no evidence of guns, drugs, or contraband.

14. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally issued plaintiff a summons for being in the park after 9:00 p.m.

15. After the defendants forcibly and rudely searched plaintiff and issued him a summons, plaintiff requested identification of defendants' badge numbers, calmly expressing that what defendants just did "was not right."

16. In response, the defendants placed plaintiff in handcuffs, applying them excessively tight, and formally arrested plaintiff.

17. Plaintiff repeatedly informed defendants that his handcuffs were excessively tight and that he was in pain.

18. At no time did there exist any basis to utilize any level of force against plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

19. Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were arresting him, and received no response.

20. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

21. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed. This was particularly true once defendants issued plaintiff the criminal summons.

22. Plaintiff was then transported to a local area precinct believed to be the 113th Precinct, where he was held for several hours before he was transferred to Queens County Central Booking, where he was held for several more hours.

23. Approximately twelve hours after his arrest, plaintiff was arraigned on a criminal complaint and charged with disorderly conduct pursuant to false information and allegations supplied by defendant Phillips, and sworn to by him in a supporting deposition that was used as the basis for the criminal complaint.

24. The criminal complaint on which plaintiff was arraigned incorporated false statements of fact made by defendant Phillips, including his supporting deposition. Pursuant to these statements and sworn allegations, the criminal complaint falsely alleges that "With the intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, engage in fighting or violent, tumultuous or threatening behavior," and that defendant Phillips "observed the defendant Andre Thornton behaving in a threatening manner by becoming irate, yelling and be [sic] combative which did cause public inconvenience by having a crowd gather in response to the defendants' actions." These allegations contained in the complaint were false and defendant Phillips knew them to be false when he made them.

25. The factual allegations made by defendant Phillips against plaintiff were

materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

26. Plaintiff was prosecuted pursuant to summons number 4332156687, which was issued by defendants, and under Docket Number 2011SQ059519.

27. On August 12, 2011, the information used to support the summons issued to plaintiff was found to be legally insufficient, and the summons was dismissed in plaintiff's favor.

28. Plaintiff was also prosecuted criminally for disorderly conduct under Docket Number 2011QN033024 pursuant to the false allegations made by defendant Phillips.

29. On October 3, 2011, the criminal charges were dismissed and the prosecution terminated in plaintiff's favor.

30. Following his release from custody, plaintiff required medical treatment for the injuries he sustained to his hands and wrists as a result of defendants' use of excessive force and application of excessively tight handcuffs.

31. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

32. At no time did either defendant take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

33. The individual defendants intentionally and deliberately gave false

statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

34. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

35. Plaintiff repeats the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, maliciously prosecuting, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

37. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

38. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

39. Defendants arrested and assaulted plaintiff, at least in part, in retaliation

for plaintiff exercising his right to free speech.

40. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, malicious prosecution, and subjected plaintiff to unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

42. Plaintiff repeats the allegations contained in paragraphs "1" through "41" above as though stated fully herein.

43. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

44. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and

appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

45. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

46. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

47. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers

and encouraging their misconduct;

c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d. Retaliating against officers who report police misconduct; and

e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

48. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

h. *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA)

(E.D.N.Y.);

l. *Powers v. City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson v. City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann v. City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson v. City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry v. New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.); and

s. *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.).

49. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

50. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary

action, the NYPD either simply issues a verbal warning or drops the charges altogether.

51. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

52. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

53. Plaintiff repeats the allegations contained in paragraphs "1" through "52" above as though stated fully herein.

54. Plaintiff was subjected to false arrest, false imprisonment, malicious prosecution, and excessive force by the defendants.

55. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, maliciously prosecuting, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

56. The defendants are therefore liable under New York law to plaintiff for false arrest, false imprisonment, malicious prosecution, and excessive force.

57. By reason thereof, defendants have caused plaintiff to suffer emotional

and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

   i.   on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

   ii.  statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

   iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       April 11, 2012

                                    By:   Reibman & Weiner
                                          Attorneys for Plaintiff
                                          26 Court Street, Suite 1808
                                          Brooklyn, New York 11242
                                          718-522-1743

                                          _____
                                          Jessica Massimi, Esq. (JM-2920)